## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOSEPH SAM**                                          **CIVIL ACTION**

**VERSUS**                                              **NO.  11-0713**

**STATE OF LOUISIANA**                                  **SECTION "I"(2)**


### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings,

including an evidentiary hearing if necessary, and to submit proposed findings and

recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the

entire record, I have determined that a federal evidentiary hearing is unnecessary.  See

28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition

for habeas corpus relief be **TRANSFERRED** to the United States Fifth Circuit Court of

Appeals as successive.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated
determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when
the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that
was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could
not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the
facts underlying the claim show by clear and convincing evidence that, but for the constitutional error,
no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Joseph Sam, is incarcerated in the David Wade Correctional Center in Homer, Louisiana.[2]  Sam was charged by bill of information in Jefferson Parish on March 26, 2002, with distribution of cocaine.[3]  The bill was amended on April 17, 2003, to add a co-defendant, Kraig V. Marks, and to revise the charged offense to possession with intent to distribute cocaine.[4]  The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case in relevant part as follows:

On March 7, 2002, between 10:15 and 10:30 a.m., Detective Robert Gerdes of the Jefferson Parish Sheriff's Office received information from a "confidential informant" that a wheelchair-bound double-amputee named "Kraig" was distributing cocaine from Room 101 at the Days Inn Motel at 3750 Westbank Expressway in Harvey.  Further, the informant told Detective Gerdes that a black man known as "Kid," who drives a white Lincoln Continental, would be delivering cocaine to Kraig at the motel between 11:15 and 11:45 a.m. that morning.  Detective Gerdes related this information to Sergeant Bruce Harrison of the Jefferson Parish Sheriff's Office.

Sergeant Harrison testified that Detective Gerdes told him that a white male with long black hair named "Kraig," who was a "double amputee in his legs," was distributing cocaine from Room 101 at the Days Inn. Sergeant Harrison and three other officers established surveillance of the motel around 11:00 a.m. on March 7, 2002. Sergeant Harrison testified that he observed a white male, who was a double amputee, coming out of Room 101 in a wheelchair.  The man was accompanied by a female and another white male. The three individuals moved clothing and other items from Room 101 to 103.

At approximately 11:30 a.m., the officers spotted a white Lincoln Continental entering the motel's parking lot. Sergeant Harrison pulled his vehicle in front of defendant's car and another JPSO officer blocked defendant's vehicle from the rear. Defendant placed his vehicle in reverse, but stopped when he

_____

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 15, Bill of Information, 3/26/02.

[4]Id. (handwritten notation).

realized another police vehicle had blocked his vehicle. Sergeant Harrison and the other officers ran to defendant's vehicle with their weapons drawn and verbally identified themselves as police.

Sergeant Harrison, with his badge displayed, tried to open defendant's vehicle's driver's side door, which was locked.  When Sergeant Harrison ordered defendant to open the door, defendant reached for his right front pocket.  Sergeant Harrison ordered defendant to stop reaching toward his pocket and unlock the vehicle's doors.  Defendant complied with both orders and Sergeant Harrison removed defendant from the vehicle. Sergeant Harrison placed defendant face-down on the ground and patted defendant's right front pocket to check for weapons.  As Sergeant Harrison patted defendant's pocket, he felt crack cocaine and placed defendant under arrest.  Thereafter, he retrieved four plastic bags, two clear bags that contained a "chunky" white powder and two amber bags that contained large off-white "chunks" from defendant's right front pocket.

At trial, Charles Krone, who was accepted as an expert in forensic science, testified that the substances inside of the four bags seized from defendant tested positive for cocaine.  The two clear bags contained 6.44 grams of cocaine hydrochloride.  The two amber bags contained 5.53 grams of base cocaine, which is commonly referred to as crack cocaine.

Sergeant Harrison testified that he had been a police officer for twenty years, with eighteen of those years in narcotics enforcement. Sergeant Harrison, was accepted, without objection, as an expert in the field of use, packaging, distribution, and value of narcotics. According to Sergeant Harrison, the handling of crack cocaine was part of that expertise. Further, Sergeant Harrison testified that he had been qualified as a narcotics expert over one hundred times in Orleans Parish and in every section in the Twenty-Fourth Judicial District Court for Jefferson Parish.

At trial, Sergeant Harrison opined that defendant intended to distribute the cocaine that was in his possession because he had two different types of drugs in four individual packets that each weighed approximately the same amount. Further, the crack, which was broken into smaller pieces, appeared to be ready for retail distribution. According to Lieutenant Harrison, twelve grams of cocaine, which is the amount that the defendant was holding, contains between 60 and 120 individual portions.  Lieutenant Harrison stated that, in his estimation, one person could not consume the amount of crack cocaine that defendant was holding in one or two days, much less both the powdered and crack cocaine. Lieutenant Harrison also testified that the fact defendant was not carrying a pipe to smoke the crack or a straw to inhale the powder was inconsistent with possession for personal use. Lieutenant Harrison acknowledged that defendant was not in possession of any money or weapons.

At trial, defendant testified that he was going to the motel to rent a room to use drugs, not to deliver them.  Defendant testified, at the suppression hearing,

that, as soon as he pulled into the motel's parking lot, a van blocked him in the front and the police "bum rushed" his car. He instinctively put the vehicle in reverse, which automatically locked the car's doors.

According to defendant, after he stopped, ten police officers ran up to the car, yelled at him, beat on the vehicle's glass with their guns, and shot "some to the window." Defendant said that, initially, he was in shock but, when he realized what had happened, he unlocked the vehicle's doors. Sergeant Harrison grabbed him and slammed him on the ground. He said that the other officers began kicking him in his face and chin. Defendant said that Sergeant Harrison went directly into his pocket and seized the crack cocaine. Defendant admitted that he had several prior convictions.

According to defendant, who was accepted as an expert in the field of cocaine consumption habits by cocaine addicts, the amount of cocaine seized from him would not be inconsistent with personal use. Defendant explained that, as in other retail markets, one obtains a better deal on drugs by buying in larger amounts. Defendant said that normally a single rock costs $20. When a user purchases an "eight ball," the user can "cut" ten rocks off of an "eight ball." He admitted that he paid $100 for each of the "eight ball" bags, which, in his estimation, equated to approximately half price per rock. Defendant did admit that even a drug user with a severe addiction would be unable to consume this amount of cocaine in two days.

State v. Sam, 905 So.2d 379, 381-383 (La. App. 5th Cir. 2005); State Record Volume 11 of 15, Louisiana Fifth Circuit Opinion, 05-KA-88, pp. 3-6, May 31, 2005.

Before trial, Sam's counsel filed a motion to suppress the evidence and statements, alleging that the arrest was illegal and the search warrant was issued without sufficient probable cause.[5]  After hearings began on the motion, counsel was ordered to file a supporting memorandum in which he made three arguments:[6] (1) Sergeant Harrison exceeded the permissible boundaries of "pat down for weapons" and acted without

---

[5]St. Rec. Vol. 1 of 15, Motion to Suppress, 4/2/02.

[6]St. Rec. Vol. 1 of 15, Hearing Minutes, 8/7/02; Hearing Minutes, 12/5/02; Minute Entry, 2/6/03; Memorandum in Support of Motion to Suppress, 2/12/03; St. Rec. Vol. 9 of 15, Hearing Transcript, 8/7/02; Hearing Transcript, 12/5/02.

probable cause as required by <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).[7] (2) Sergeant Harrison did not have probable cause to arrest Sam because the arrest flowed from the illegal search and seizure of the cocaine from his pocket. (3) Sergeant Harrison did not make a valid search incident to the arrest because the arrest resulted from the illegal search and seizure.  The state trial court orally denied the motion to suppress in open court on April 10, 2003.[8]

Sam filed a pro se writ application in the Louisiana Fifth Circuit Court of Appeal seeking review of the denial of the motion.[9]  The appellate court denied the writ stating, "Relator has an adequate remedy on appeal, if necessary."[10]

Sam thereafter filed a pro se writ application in the Louisiana Supreme Court asserting only two grounds for relief:[11]  (1) The information received from the confidential informant was not sufficient to establish probable cause or reasonable suspicion for an investigatory stop and detention. (2) The search and seizure of items from his pocket violated the Fourth and Fourteenth Amendments and <u>Terry v. Ohio</u>.  The

---

[7]In <u>Terry</u>, the United States Supreme Court held that an officer may stop an individual when he suspects that the person is committing, has committed, or is about to commit a crime to determine the person's identity and an explanation for his actions.

[8]St. Rec. Vol. 1 of 6, Hearing Minutes, 4/10/03; St. Rec. Vol. 11 of 15, Hearing Transcript, 4/10/03.

[9]St. Rec. Vol. 1 of 15, Notice of Intent to Seek Remedial Writ, 6/5/03; Trial Court Order, 6/18/03.

[10]St. Rec. Vol. 1 of 15, 5th Cir. Order, 03-KH-726, 7/9/03.

[11]St. Rec. Vol. 12 of 15, La. S. Ct. Writ Application, 03-KH-2085, 7/25/03; St. Rec. Vol. 1 of 15, La. S. Ct. Letter, 2003-KH-2085, 7/25/03 (postmarked 7/21/03); Notice of Intent, 7/21/03.

Louisiana Supreme Court denied the writ application without reasons on September 5, 2003.[12]  On September 9, 2003, the State chose to sever the trials of each defendant.[13]

On March 17, 2004, co-defendant Marks entered a guilty plea to possession with intent to distribute cocaine and received a five-year prison sentence.[14]

After waiver of his right to jury trial, Sam was tried before the state trial judge on April 28, 2004, and was found guilty as charged.[15]  On May 6, 2004, the state trial court sentenced Sam to 15 years in prison at hard labor.[16]

Upon consideration of the State's multiple offender bill at hearings held on August 19 and September 23, 2004, the state trial court found that Sam was a third felony offender.[17]  The court vacated the original sentence and sentenced Sam to 25 years in

---

[12]State v. Sam, 852 So.2d 1026 (La. 2003); St. Rec. Vol. 12 of 15, La. S. Ct. Order, 2003-KH-2085, 9/5/03.

[13]St. Rec. Vol.1 of 15, Minute Entry, 9/9/03; St. Rec. Vol. 9 of 15, Hearing Transcript, 9/9/03. On November 4, 2003, Sam filed a petition in this court pursuant to 28 U.S.C. § 2241 in which he raised pretrial challenges alleging unlawful stop, search and seizure, malicious prosecution and denial of a speedy trial. Civ. Action No. 03-3122"I"(2), Rec. Doc. Nos. 1, 7, 10.  The petition was dismissed without prejudice for failure to exhaust state court remedies on March 19, 2004.  Civ. Action No. 03-3122"I"(2), Rec. Doc. Nos. 27, 28.

[14]St. Rec. Vol. 1 of 15, Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 3/17/04; Plea Minutes (Marks), 3/17/04.

[15]St. Rec. Vol. 1 of 15, Trial Minutes, 4/28/04; St. Rec. Vol. 10 of 15, Trial Transcript, 4/28/04.

[16]St. Rec. Vol. 1 of 15, Sentencing Minutes, 5/6/04; St. Rec. Vol. 10 of 15, Sentencing Transcript, 5/6/04.

[17]St. Rec. Vol. 1 of 15, Sentencing Minutes, 5/6/04; Multiple Bill, 5/5/04; Hearing Minutes, 8/19/04; Hearing Minutes, 9/23/04; St. Rec. Vol. 10 of 15, Multiple Bill Hearing Transcript, 8/19/04; Multiple Bill Hearing Transcript, 9/23/04.

prison without benefit of parole, probation or suspension of sentence and without good-time eligibility.

On direct appeal to the Louisiana Fifth Circuit, Sam's counsel asserted two grounds for relief:[18] (1) The trial court erred in denying the motion to suppress because Sergeant Harrison's testimony was inconsistent and not worthy of credit and the seizure of cocaine from Sam's pocket violated the "plain feel" exception because Sergeant Harrison had to squeeze the bag to identify the contraband. (2) The trial court erred in restricting Sam's good-time eligibility.  The court affirmed the conviction, finding no merit in Sam's first claim, but amended Sam's sentence to remove the good-time eligibility restriction.[19]  Counsel's application for rehearing was refused on July 8, 2005.[20]

---

[18]St. Rec. Vol. 10 of 15, Appeal Brief, 05-KA-88, 2/22/05; State v. Sam, 905 So.2d at 383, 386; St. Rec. Vol. 12 of 15, 5th Cir. Opinion, 05-KA-88, 5/31/05.

[19]State v. Sam, 905 So.2d at 386, 387; St. Rec. Vol. 12 of 15, 5th Cir. Opinion, 05-KA-88, 5/31/05.  The appellate court also ordered the state trial court to amend the commitment order and minute entry to reflect that the correct charge was possession with intent to distribute.

[20]St. Rec. Vol. 10 of 15, Application for Rehearing, 05-KA-88, 6/14/05; 5th Cir. Notice, 05-KA-88, 7/8/05.

On August 9, 2005, Sam's counsel filed a timely[21] writ application with the Louisiana Supreme Court seeking review of three claims:[22] (1) The appellate court erred in considering evidence from the trial when evaluating the pretrial denial of the motion to suppress evidence seized without a warrant. (2) The appellate court erred in finding no inconsistencies in Sergeant Harrison's testimony. (3) The appellate court erred in affirming the denial of the motion to suppress because the pat-down search exceeded the scope allowed in Terry v. Ohio. The Louisiana Supreme Court denied the application without reasons on March 10, 2006.[23]

Sam's conviction became final 90 days later, on June 8, 2006, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

---

[21]Pursuant to La. Code Crim. P. art. 922 and La. S. Ct. R. X§5, petitioner had 30 days from the denial of the application for rehearing to file a writ application in, or mail one to, the Louisiana Supreme Court. Counsel's subsequent writ application had a postmark of August 8, 2005, which was thirty days after the refusal of the rehearing. See St. Rec. Vol. 1 of 15, La. S. Ct. Letter, 2005-K-2100, 8/10/00 (indicating file date of 8/9/05 and postmark of 8/8/05); St. Rec. Vol. 12 of 15, La. S. Ct. Writ Application, 05-K-2100, 8/9/05 (postmarked 8/8/05); Causey v. Cain, 450 F.3d 601 (5th Cir. 2006).

[22]St. Rec. Vol. 12 of 15, La. S. Ct. Writ Application, 05-K-2100, 8/9/05 (postmarked 8/8/05).

[23]State v. Sam, 925 So.2d 510 (La. 2006); St. Rec. Vol. 12 of 15, La. S. Ct. Order, 2005-K-2100, 3/10/06.

On March 9, 2007, Sam filed a motion in the state trial court seeking leave to amend his application for post-conviction relief.[24]  The court denied the motion, finding that the record did not contain any application that could be amended.[25]  As instructed, on March 19, 2007, Sam submitted an application, which the court filed on March 28, 2007, asserting two grounds for relief:[26] (1) He was denied effective assistance of counsel because counsel failed to (a) raise pretrial malicious prosecution and to argue that the State offered no factual basis on which to rely on information received from confidential informants, (b) object to the State's introduction of involuntary statements from confidential informants, (c) object to the State's introduction of extorted and coerced statements from confidential informants, (d) call as a defense witness the driver of the car who could testify as to the coercion used to extort information from confidential informants, (e) address in open court that this was a vindictive prosecution because he exercised his right to sue the prosecutor, (f) address in open court the selective nature of the prosecution against him, and (g) supplement the record on appeal with his pro se writ application challenging the credibility of confidential informants.  (2) He was denied due process and equal protection because he was denied a full hearing on the suppression of

---

[24]St. Rec. Vol. 2 of 15, Motion to Amend Post-Conviction Relief, 3/9/07.

[25]St. Rec. Vol. 2 of 15, Trial Court Order, 3/14/07.

[26]St. Rec. Vol. 2 of 15, Uniform Application for Post-Conviction Relief, 3/28/07 (signed 3/19/07).

the evidence after each stage of the criminal proceedings where the state trial court did not consider the false testimony of the officer and unreliable and coerced statements from the confidential informant.

On May 4, 2007, Sam moved to compel the State to file an opposition to his application, which was denied by the court on May 30, 2007.[27]  Sam sought review of this order in the Louisiana Fifth Circuit, and, on June 21, 2007, the court denied the application, finding no error in the trial court's ruling and also finding it moot because the trial court had by that time ruled on the application.[28]

In its ruling issued June 1, 2007, the state trial court denied relief on the two post-conviction claims.  The court held that subparts a, e and f of Sam's ineffective assistance of counsel claim were actually repetitive challenges to the motion to suppress already addressed by the trial and appellate courts.  The court dismissed these subparts pursuant to La. Code Crim. P. arts. 930.4(B) and (C).  The court found that subpart b was actually a challenge to the introduction of evidence, which should have been raised previously and which was now procedurally barred under La. Code Crim. P. art. 930.4.  The court also noted that the appellate court had already held that the information from the confidential informant was reliable.  The court denied as meritless the remaining ineffective assistance claims.  The court found Sam's second claim, alleging denial of

---

[27]St. Rec. Vol. 2 of 15, Motion to Compel Opposition, 5/4/07; Trial Court Order, 5/30/07.

[28]St. Rec. Vol. 2 of 15, 5th Cir. Order, 07-KH-372, 6/21/07.

due process and equal protection, repetitive of his challenges to the denial of the motion to suppress and declined to revisit the claim already addressed by the trial and appellate courts.

Thereafter, on July 23, 2007, the state trial court denied as moot Sam's motion demanding a ruling on his application for post-conviction relief.[29]  On July 26, 2007, the Louisiana Fifth Circuit denied a writ application filed by Sam seeking repetitive relief with regard to the State's failure to file an opposition.[30]

Over the next month, Sam filed two notices of intent to seek review of the trial court's June 1, 2007, denial of his application for post-conviction relief.[31]  The state trial court declined to set a return date, finding that the notices were untimely filed beyond 30 days after its ruling.[32]

In the meantime, on August 30, 2007, Sam filed a writ application with the Louisiana Fifth Circuit seeking review of the trial court's June 1, 2007, ruling.[33]  While

---

[29]St. Rec. Vol. 2 of 15, Application for Writ of Mandamus, 7/17/07; Trial Court Order, 7/23/07.

[30]St. Rec. Vol. 2 of 15, 5th Cir. Order, 07-KH-536, 7/26/07.

[31]St. Rec. Vol. 2 of 15, Notice of Intent to Apply for Writs, 8/8/07.  The record does not appear to contain a copy of the second notice referenced in the trial court's August 4, 2007, order.

[32]St. Rec. Vol. 2 of 15, Trial Court Order, 8/16/07; St. Rec. Vol. 3 of 15, Trial Court Order, 9/4/07.

[33]The record does not contain a file stamped copy of this writ application.  *See* St. Rec. Vol. 3 of 15, Copy of 5th Cir. Writ No. 07-KH-662.  The filing date appears on the face of the court's order and has been confirmed by a member of the court's staff with the office of the clerk for the Louisiana Fifth Circuit.

this writ application was pending, on September 11, 2007, Sam apparently filed another writ application seeking review of the trial court's refusal to set a return date.[34] The Louisiana Fifth Circuit granted the application in part for the sole purpose of vacating the trial court's August 16, 2007 order to allow a return date to be set.[35] The trial court later set a return date of November 5, 2007.[36]

On October 29, 2007, the Louisiana Fifth Circuit issued its opinion addressing Sam's other pending writ application, filed August 30, 2007, seeking review of the June 1, 2007 denial of his post-conviction claims.[37] The court held that it would not reconsider its two prior decisions regarding the trial court's refusal to require an opposition from the State. The court also determined that Sam had altered the legal basis for his second claim, alleging denial of due process and equal protection, to base the claim instead on alleged malicious, vindictive and selective prosecution. The court determined that because this was different from the legal basis presented to the trial court, the claim was not properly before it for review. The court also affirmed the denial of relief on subparts b, c, d, and g of Sam's ineffective assistance of counsel claim as

---

[34] The record does not contain a file stamped copy of this writ application. The filing date appears on the face of the court's order and has been confirmed by a member of the court's staff with the office of the clerk for the Louisiana Fifth Circuit.

[35] St. Rec. Vol. 3 of 15, 5th Cir. Order, 07-KH-709, 10/2/07.

[36] St. Rec. Vol. 3 of 15, Trial Court Order, 10/5/07.

[37] St. Rec. Vol. 3 of 15, 5th Cir. Order, 07-KH-662, 10/29/07.

meritless. Finally, the court remanded to the trial court subparts a, e, and f of the ineffective assistance of counsel claim, finding that the trial court erred when it did not address those claims on the merits.

On October 30, 2007, Sam filed another writ application with the Louisiana Fifth Circuit, apparently in response to the return date set by the trial court at the direction of the Louisiana Fifth Circuit.[38]   The Louisiana Fifth Circuit eventually denied the application on November 28, 2007, as repetitive and duplicative.[39]

In the meantime, the state trial court ordered briefing from the State on the three remanded ineffective assistance claims.[40]   While this was pending, Sam also filed a writ application with the Louisiana Supreme Court on December 28, 2007, seeking review of the Louisiana Fifth Circuit's October 29, 2007, order affirming the trial court's June 1, 2007, denial of relief on Sam's first application for post-conviction relief.[41]

On January 10, 2008, after receipt of the State's opposition, the state trial court denied relief on the three remanded ineffective assistance of counsel claims, finding no

---

[38]The record does not contain a file stamped copy of this writ application.  The filing date appears on the face of the court's order and has been confirmed by a member of the court's staff with the office of the clerk for the Louisiana Fifth Circuit.

[39]St. Rec. Vol. 3 of 15, 07-KH-861, 11/28/07.

[40]St. Rec. Vol. 3 of 15, Trial Court Order, 11/2/07.

[41]St. Rec. Vol. 3 of 15, La. S. Ct. Letter, 2007-KH-2492, 12/28/07 (postal meter 11/26/07); St. Rec. Vol. 12 of 15, La. S. Ct. Writ Application, 2007-KH-2492, 12/28/07 (signed 11/26/07).

merit under the standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).[42] The court also considered Sam's untimely filed rebuttal to the State's opposition and declined to alter its ruling.[43]

The Louisiana Fifth Circuit denied Sam's subsequent writ application on April 22, 2008, finding no merit to his claims and declining to consider the "remaining subclaims"[44] under La. Code Crim. P. art. 930.4(E) because they had not been previously raised.[45]   Sam did not seek further review of this ruling.

In the meantime, on April 15, 2008, Sam filed a second application for post-conviction relief in the state trial court, alleging that he was denied effective assistance of counsel and due process because counsel failed to raise prosecutorial misconduct, which denied him a fair and impartial trial as a result of an allegedly malicious, vindictive and selective prosecution.[46]   The state trial court denied relief on June 5, 2008,

---

[42]St. Rec. Vol. 3 of 15, Trial Court Order, 1/10/08; State's Response, 12/20/07.

[43]St. Rec. Vol. 4 of 15, Rebuttal to the State's Response, 1/11/08; Trial Court Order, 1/23/08.

[44]The court did not delineate what it considered to be these other subclaims.

[45]St. Rec. Vol. 14 of 15, 5th Cir. Order, 08-KH-179, 4/22/08; 5th Cir. Writ Application, 08-KH-179, 2/26/08 (postmarked 2/12/08).

[46]St. Rec. Vol. 4 of 15, Uniform Application for Post-Conviction Relief, 4/15/08 (dated 4/10/08).

finding the claims repetitive and the petition impermissibly successive under La. Code Crim. P. art. 930.4.[47]

The Louisiana Fifth Circuit denied Sam's subsequent writ application to that court, finding that Sam's second application for post-conviction relief was barred from review as untimely filed under La. Code Crim. P. art. 930.8.[48]  Sam did not seek further review of this order.

Instead, on August 12, 2008, he submitted a writ application, which was filed in the Louisiana Supreme Court on September 24, 2008, seeking reconsideration of his prior pro se writ applications to the Louisiana Fifth Circuit under the holding in State v. Cordero, 993 So.2d 203 (La. 2008).[49]  Per the Cordero procedures, this writ application was transferred to the Louisiana Fifth Circuit.[50]

---

[47]St. Rec. Vol. 4 of 15, Trial Court Order, 6/5/08.

[48]St. Rec. Vol. 4 of 15, 5th Cir. Order, 08-KH-588, 7/31/08.  The court also previously denied Sam's application for writ of mandamus as moot because the trial court had ruled on his second application for post-conviction relief.  St. Rec. Vol. 4 of 15, 5th Cir. Order, 08-KH-482, 6/24/08.

[49]St. Rec. Vol. 12 of 15, La. S. Ct. Order, 08-KH-2326, 9/24/08 (postmarked 8/12/08, dated 8/9/08).  The Cordero court addressed the alleged procedural improprieties and summary dismissal without judicial review of pro se post-conviction writ applications filed in that court over a period of time.

[50]State ex rel. Sam v. State, 993 So.2d 1264 (La. 2008); St. Rec. Vol. 12 of 15, La. S. Ct. Order, 2008-KH-2326, 10/10/08.  The Cordero court directed that writs with questionable review history be transferred to the Louisiana Fifth Circuit for reconsideration.

Two months later, on October 10, 2008, the Louisiana Supreme Court denied Sam's prior writ application, submitted December 28, 2007, in which he was seeking review of the denial of relief on his first application for post-conviction relief.[51]

On February 13, 2009, the Louisiana Fifth Circuit denied relief on Sam's <u>Cordero</u> review of his prior pro se writ applications.[52]  Sam thereafter submitted an application seeking review of that ruling in the Louisiana Supreme Court on March 8, 2009.[53]  The Louisiana Supreme Court denied the application without stated reasons on January 29, 2010.[54]

## II.   PRIOR FEDERAL PROCEDURAL HISTORY

The records of this court reflect that Sam has filed four prior habeas petitions in this court, Civil Action Nos. 03-3122"I"(2) (Section 2241), 06-2963"I"(2) (Section 2254), 08-5064"I"(2) (Section 2254), and 10-0703"I"(2) (Section 2254). I will summarize the procedural history of each case.

---

[51]<u>State ex rel. Sam v. State</u>, 993 So.2d 1276 (La. 2008); St. Rec. Vol. 12 of 15, La. S. Ct. Order, 2007-KH-2492, 10/10/08.

[52]St. Rec. Vol. 12 of 15, 5th Cir. Order, 08-WR-897, 2/13/09.

[53]St. Rec. Vol. 12 of 15, La. S. Ct. Writ Application, 09-KH-700, 3/27/09 (postmarked 3/8/09, dated 3/12/09).

[54]<u>State ex rel. Sam v. State</u>, 25 So.3d 823 (La. 2010); St. Rec. Vol. 12 of 15, La. S. Ct. Order, 2009-KH-0700, 1/29/10.

A.    C. A. NO. 03-3122"I"(2)

The first habeas petition, Civil Action No. 03-3122"I"(2), was filed pursuant to 28 U.S.C. § 2241 on November 4, 2003.[55]  In that petition, Sam urged pretrial challenges alleging unlawful stop, search and seizure procedures, malicious prosecution and denial of a speedy trial.  On February 12, 2004, I issued a report and recommendation to the district judge, recommending that Sam's petition be dismissed without prejudice for failure to exhaust state court remedies.[56]  The district judge issued an order and a judgment on March 19, 2004, dismissing without prejudice Sam's habeas petition as recommended.[57]  The United States Fifth Circuit Court of Appeals denied issuance of a certificate of appealability on October 19, 2004.[58]

B.    C. A. NO. 06-2963"I"(2)

On June 23, 2006, Sam filed his next petition, Civil Action No. 06-2963"I"(2), pursuant to 28 U.S.C. § 2254 after his state direct appeal was resolved.  His petition sought relief on the following grounds:[59] (1) His arrest was unlawful because the confidential informant was not reliable to establish probable cause or reasonable

---

[55]Joseph K. Sam v. State of Louisiana, Civ. Action No. 03-3122"I"(2) (E.D. La.).

[56]C.A. No. 03-3122"I"(2), Rec. Doc. No. 16.

[57]C.A. No. 03-3122"I"(2), Rec. Doc. Nos. 27, 28.

[58]C.A. No. 03-3122"I"(2), Rec. Doc. No. 33.

[59]C.A. No. 06-2963"I"(2), Rec. Doc. Nos. 3, 9.

suspicion. (2) He was subjected to an unconstitutional search and seizure. (3) The state trial court erred in denying the motion to suppress based on the contradictory testimony of Sergeant Harrison. (4) The state trial court should have suppressed Sergeant Harrison's search and seizure for lack of a justified reason. (5) The seizure and search by Sergeant Harrison were outside the scope of a <u>Terry</u> frisk because the officer did not believe that the object in Sam's front pocket was a weapon. (6) Sergeant Harrison used a <u>Terry</u> frisk to search for evidence by continuing to search after he concluded that Sam was unarmed. (7) Sam was denied due process on review of the search and seizure claims. (8) The Louisiana Fifth Circuit erred in considering trial evidence when ruling on the denial of the pretrial motion to suppress evidence seized without a warrant. (9) Sergeant Harrison's physical manipulation of Sam's front pocket with his fingers violated the Fourth Amendment prohibition against unreasonable searches. (10) The information received from the confidential informant did not provide sufficient facts and circumstances to justify the stop, search and seizure.

On December 18, 2006, I issued a report and recommendation to the district judge, recommending that Sam's petition be dismissed without prejudice for failure to exhaust state court remedies as to four of his claims, specifically: Claim One, unlawful arrest based on unreliable confidential information;  Claim Two, unconstitutional search and seizure; Claim Seven, denial of due process on review of the search and seizure claims; and Claim Ten, information from the confidential informant did not establish sufficient

18

facts and circumstances to justify the stop, search and seizure.[60]  The district judge issued

an order and a judgment on January 11, 2007, dismissing without prejudice Sam's habeas

petition as recommended.[61]  Sam did not appeal this judgment.

C.    C. A. NO. 08-5064"I"(2)

On December 8, 2008, Sam filed his third petition for federal habeas corpus relief

raising four grounds for relief:[62] (1) The conviction was obtained by use of a coerced

confession because the confidential informant's tip was obtained in a pretextual traffic

stop in which the informant's statements were obtained after threats that he would be

jailed. (2) The conviction was obtained by use of evidence obtained during an

unconstitutional search and seizure, where the officers' testimony was contradictory, the

officer used a weapons pretext to seize cocaine from his pocket, and the officer

manipulated the contents of the pocket to determine that it was contraband. (3) The

conviction was obtained by use of evidence obtained pursuant to an unlawful arrest

because the traffic stop was not supported by reasonable suspicion or probable cause, the

subsequent search therefore was illegal, and the evidence should have been suppressed.

(4) His counsel was ineffective in subjecting him to violation of due process when

(a) prosecutorial misconduct occurred through retaliation for filing a civil rights suit

---

[60]C.A. No. 06-2963"I"(2), Rec. Doc. No. 24.

[61]C.A. No. 06-2963"I"(2), Rec. Doc. Nos. 25, 26.

[62]C.A. No. 08-5064"I"(2), Rec. Doc. Nos. 1, 16.

against the prosecutor, and (b) counsel failed to present any evidence with the motion to suppress to show malicious, vindictive and selective prosecution.  Sam also asserted the following ineffective assistance of counsel arguments:[63] (1) The State used perjured testimony at the motion to suppress hearing to support a showing of probable cause for the arrest and search. (2) The prosecutor committed numerous acts of misconduct. (3) The State altered its case.  (4) The prosecutor threatened and intimidated witnesses. (5) The prosecutor discretionarily targeted Sam for trial. (6) The State prosecution was retaliation for his exercise of his right to sue.  (7) Counsel's cumulative errors violated his due process rights.  Sam also argued that his counsel failed to object to the alleged malicious and manipulative actions of the prosecutor with respect to the presentation of misleading testimony and evidence to support the traffic stop and arrest.  Sam repeatedly claimed that he never received fair consideration and a hearing on his claims of malicious, vindictive and selective prosecution.[64]

On July 9, 2009, I issued a report and recommendation to the district judge, recommending that Sam's petition be dismissed without prejudice for failure to exhaust state court remedies as to all of the claims except three, Claims Two, Three, and 5(b), (c),

---

[63]C.A. No. 08-5064"I"(2), Rec. Doc. No. 1, p. 8.

[64]C.A. No. 08-5064"I"(2), Rec. Doc. No. 1-2, pp. 21-22.

(d), and (g).[65]  The district judge issued an order and a judgment on July 29, 2009, dismissing without prejudice Sam's habeas petition as recommended.[66]

On appeal from that judgment, the United States Fifth Circuit Court of Appeals issued an opinion on March 3, 2011, in which it determined that Sam had abandoned all but eight of his claims, which were as follows:[67] (1) His pre-trial counsel failed to challenge inconsistent testimony by a state agent regarding how a confidential informant tip was obtained. (2) His pre-trial counsel failed to object to the use of a confidential informant's tip on the basis that it was unreliable because it was coerced. (3) His pre-trial counsel failed to object to the use of a confidential informant's tip on the basis that it was unreliable because it was obtained at a pretextual traffic stop. (4) His trial counsel failed to argue that he was being maliciously prosecuted in retaliation for an unrelated civil suit against the state's trial attorney. (5) His trial counsel failed to argue that he was being vindictively prosecuted in retaliation for an unrelated civil suit against the state's trial attorney. (6) His trial counsel failed to argue that he was being selectively prosecuted in retaliation for an unrelated civil suit against the state's trial attorney. (7) His counsel on direct appeal failed to argue that the tip provided by the confidential informant, which led to his stop and arrest, was unreliable because it was coerced. (8) His counsel on direct

---

[65]C.A. No. 08-5064"I"(2), Rec. Doc. No. 25.

[66]C.A. No. 08-5064"I"(2), Rec. Doc. Nos. 29, 30.

[67]C.A. No. 08-5064"I"(2), Rec. Doc. No. 40, 5th Cir. Judgment, No. 09-30715, 3/3/11.

appeal failed to argue that the police officer's inconsistent testimony at the suppression hearing demonstrated that he did not have a proper basis for conducting a <u>Terry</u> frisk and the contraband seized was not subject to plain feel.

While on appeal, the State conceded to the court that Claims One, Four, Five and Six had been exhausted.  Sam also requested that Claim Three be abandoned.  The court thereafter determined that Claims Two and Seven also were exhausted in the state courts. This left Claim No. Eight, which the court found to be <u>un</u>exhausted, making his petition a mixed petition.  The court affirmed the district court judgment dismissing Sam's third petition without prejudice for failure to exhaust.

D.     <u>C. A. NO. 10-0703"I"(2)</u>

In the meantime, on March 30, 2010, Sam filed his fourth petition for federal habeas corpus relief, arguing the following: (1) He was denied a full and fair hearing in the state courts on his Fourth Amendment challenge to the stop which led to his arrest and the arrest itself. (2) The State's information received from the confidential informant should have been suppressed as unreliable and coerced, making the seized narcotics "fruit of the poisonous tree" which could not be used at trial under the Fourth Amendment.  (3) In his efforts to seek review of these claims, he was denied due process

under the procedures in place at the time in the Louisiana Fifth Circuit Court of Appeal addressed to the Louisiana Supreme Court in State v. Cordero, 993 So.2d at 203.[68]

On February 12, 2011, I issued a report and recommendation to the district judge, recommending that Sam's petition be dismissed with prejudice finding that the Fourth Amendment claims were barred from review under Stone v. Powell, 428 U.S. 465 (1976) and the Cordero due process claim was without merit.[69]   The district judge issued an order and a judgment on April 19, 2011, dismissing with prejudice Sam's habeas petition as recommended.[70]   Sam filed a notice of appeal to United States Fifth Circuit Court of Appeals on April 27, 2011.[71]   That appeal is still pending as of this writing.

IV.   CURRENT FEDERAL HABEAS PETITION

On April 5, 2011, the clerk of this court filed Sam's current petition for federal habeas corpus relief in which he raises the following grounds for relief:[72]

(1)   He was denied effective assistance of counsel because his trial counsel:
(a)   failed to investigate and present available evidence that Debbie Mire's testimony contradicted the State's factual circumstances, that the prosecutor threatened her to keep her from testifying, that he was not offered a plea like the co-defendant, and he was prosecuted without probable cause;
(b)   failed to argue malicious prosecution;

---

[68]C.A. No. 10-0703"I"(2), Rec. Doc. No. 3.

[69]C.A. No. 10-0703"I"(2), Rec. Doc. No. 23.

[70]C.A. No. 10-0703"I"(2), Rec. Doc. Nos. 28, 29.

[71]C.A. No. 10-0703"I"(2), Rec. Doc. No. 32 and Rec. Doc. No. 36, Appeal No. 11-30421.

[72]Rec. Doc. No. 1, pp. 2, 3; Rec. Doc. No. 1-1, pp. 3, 10, 33, 35.

23

(c)     failed to make the State give a factual basis for admitting into evidence unreliable information from the confidential informant;

(d)     failed object to involuntary information from the two females;

(e)     failed to use a defense witness from the motion to suppress hearing;

(f)     failed to argue vindictive prosecution;

(g)     failed to argue selective prosecution; and

(h)     his appellate counsel failed to raise certain issues on direct appeal.

(2)     The motion to suppress should have been granted, because the testimony of the arresting officer, Officer Harrison, was inconsistent and the crack cocaine was not a proper subject of the plain feel doctrine.

(3)     He is entitled to an evidentiary hearing on issues never addressed by the state courts, including his ineffective assistance of counsel claim that counsel failed to argue malicious prosecution, the voluntariness of Debbie Mire's statement to police, and that the prosecutor was vindictive with a personal interest in the case.

The State has filed a response in opposition to Sam's petition alleging that it must be dismissed for any of several reasons:[73] (1) It is untimely filed. (2) It is a prohibited second or successive petition. (3) It constitutes an abuse of the writ because he has had so many prior federal filings. (4) Any Fourth Amendment claims have already been denied on the merits by this federal court in the prior habeas proceeding. (5) It is unexhausted, containing both exhausted and unexhausted claims.[74]

Sam filed a reply to the State's response in which he argues that his petition should be considered timely filed since (some of) his prior petitions were dismissed without

---

[73]Rec. Doc. No. 8.

[74]The State appears to list and address claims not raised in Sam's current petition or the attached memorandum in support. The court need not and will not consider the exhaustion of claims that were not raised by the petitioner.

prejudice for failure to exhaust, and he was pursuing review of the dismissal of the 2008 petition in the United States Fifth Circuit.[75]   He further argues that his claims are exhausted.  Sam also argues that his petition is not second or successive because his 2008 mixed petition was dismissed without prejudice for failure to exhaust, leaving him the right to file the exhausted claims in this later petition.  He also argues that this court should have granted him a stay after he filed his 2010 petition until resolution of his appeal from the dismissal of his 2008 petition to avoid an abuse of the writ.

V.    LACK OF JURISDICTION OVER A SECOND OR SUCCESSIVE FEDERAL PETITION

28 U.S.C. §§ 2244(b)(1) and (2) provide for the dismissal of any new or previously raised claim presented in a second or successive Section 2254 habeas corpus petition.  Like other circuits, the United States Fifth Circuit Court of Appeals has recognized that the AEDPA did not define the phrase "second or successive" found in Section 2244.  For guidance, the United States Fifth Circuit has turned to pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing Section 2254 Cases:

Section 2244(b) does not define "second or successive" petition.  The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits

---

[75]Rec. Doc. No. 9.

25

or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), <u>nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.</u>

<u>In re Gasery</u>, 116 F.3d 1051 (5th Cir. 1997) (emphasis added) (citation omitted).

The Fifth Circuit has made it clear that under AEDPA "a prisoner's application is not second or successive simply because it follows an earlier federal petition."  <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998).  Instead, the court has consistently held that an adjudication on the merits is necessary before a subsequent petition is considered "second or successive."  <u>Graham v. Johnson</u>, 168 F.3d 762 (5th Cir. 1999) ("Under current law, however, it is clear that an application filed after a previous application was <u>fully adjudicated on the merits</u> is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)), <u>cert. denied</u>, 529 U.S. 1097 (2000); <u>accord</u> <u>Barrientes v. Johnson</u>, 221 F.3d 741 (5th Cir. 2000)(when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (subsequent filing not successive when prior filing was dismissed without prejudice)), <u>cert. dism.</u>, 531 U.S. 1134 (2001).

Under this standard, the Fifth Circuit has held that a later-filed petition is prohibited when it: "1) raises a claim challenging the petitioner's conviction or sentence

that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." In re Cain, 137 F.3d at 235.  This provision has been described as a "modified res judicata rule" that bars claims ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition.  United States v. Orozco-Ramirez, 211 F.3d 862, 868-871 (5th Cir. 2000); Graham, 168 F.3d at 774 n.7 (citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996)).  Such claims are deemed second or successive. Id.  The Fifth Circuit suggested that the focus of the inquiry is on whether the petitioner received an adjudication on the merits of his claims in the prior petition.

In In re Cain, the Fifth Circuit contrasted permissible successive petitions with those in which prisoners "repeatedly [attack] the validity of their convictions and sentences." In re Cain, 137 F.3d at 235.  "[T]hese repeated attacks, which often take on new forms as the legal landscape shifts, are the evil against which AEDPA is directed and the counterpoint to the rule laid out in Cain." Leal Garcia v. Quarterman, 573 F.3d 214, 221-222 (5th Cir. 2009) (citing In re Cain, 137 F.3d at 235, 236 n.1).  A district court is bound to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1).

There is no question that Sam's prior petition before this court in C. A. No. 10-0703"I"(2) was adjudicated on the merits of his Fourth Amendment and Cordero claims.

27

As outlined above, Sam filed the current petition on April 5, 2011, which was <u>after</u> I issued a report and recommendation to the district judge on February 12, 2004, and <u>before</u> the district judge issued the order and a judgment on April 19, 2011.[76]  Sam also filed a notice of appeal in C. A. No. 10-0703"I"(2) on April 27, 2011, which is still pending before the Fifth Circuit.[77]

Because of the timing of these events, I must consider whether the petition is still successive, or an abuse of the writ, where Sam filed the instant petition when the district court had not "<u>fully</u> adjudicated," <u>Graham</u>, 168 F.3d at 774 n.7, the petition in C. A. No. 10-703"I"(2).  Under prevailing Fifth Circuit precedent, this does not alter the successive nature of Sam's current petition.

The Fifth Circuit has always maintained a "strong policy against piecemealing claims" and has looked to pre-AEDPA "abuse of the writ" principles in determining whether a petition is successive.  <u>Crone v. Cockrell</u>, 324 F.3d 833, 837 (5th Cir. 2003) (citing <u>In re Cain</u>, 137 F.3d at 235-36 ("[A] later petition is successive when it . . . constitutes an abuse of the writ.") and <u>James v. Walsh</u>, 308 F.3d 162, 167 (2d Cir. 2002) ("To interpret the term 'second or successive,' courts look to the pre-AEDPA abuse-of-the-writ doctrine.")).  Under this doctrine, a subsequent petition is "second or successive" when it raises a claim that was, or could have been, raised in an earlier

---

[76]C.A. No. 10-0703"I"(2), Rec. Doc. Nos. 28, 29.

[77]C.A. No. 10-0703"I"(2), Rec. Doc. Nos. 32, 36, Appeal No. 11-30421.

petition.  Crone, 324 F.3d at 837 (citing Walsh, 308 F.3d at 167); see also, Ochoa v. Sirmons, 485 F.3d 538, 541 (10th Cir. 2007) ("The point is that § 2244(b) authorization is required whenever substantively new claims are raised. . ." (emphasis in original)). This is true even when "'the new claims were unexhausted when the earlier federal writ was prosecuted.'" (citations omitted) Crone, 324 F.3d at 837; In re Jiminez, 211 Fed. Appx. 297, 298 (5th Cir. 2006).

The Fifth Circuit precedent cited above indicates that abuse of the writ is itself a factor in determining when a pleading is a prohibited second or successive petition under Section 2244.  In re Cain, 137 F.3d at 235-36 ("[A] later petition is successive when it ... constitutes an abuse of the writ."); see also Ochoa, 485 F.3d at 541 (discussing disguised efforts to circumvent Section 2244(b) to file piecemeal litigation).  The abuse of the writ doctrine, as defined by the Fifth Circuit, looks to whether a subsequent petition raises a claim that was, or could have been, raised in an earlier petition.  Crone, 324 F.3d at 837.  If so, it indicates that the petitioner is attempting to engage in multiple attacks on a conviction, thereby circumventing the gatekeeping provisions in place through Section 2244 as amended by the AEDPA.  Id.; Propes v. Quarterman, 573 F.3d 225, 229-30 (5th Cir. 2009).  That is exactly what Sam has done in this case.

I have located a similar scenario arising from two habeas proceedings filed by petitioner Alvin Mead in the Eastern District of Louisiana in Mead v. Cain, C. A. No. 03-

3058"C"(4) and <u>Mead v. Cain</u>, C. A. No. 08-3173"C"(4).  The successiveness of the latter case was recently addressed by the Fifth Circuit.

In 2003, Mead filed a Section 2254 petition in C. A. No. 03-3058"C"(4), in which he raised six grounds for relief challenging his state conviction for possession of crack cocaine for which he was serving a life sentence as a third felony offender.[78]  The district court initially dismissed the matter as untimely under the AEDPA.[79]  On appeal, the Fifth Circuit remanded the matter for further findings related to the timeliness of certain state court pleadings used in the federal timeliness calculation or alternatively for resolution of the merits of the claims.[80]  The district court later dismissed the petition with prejudice, after addressing the substance of the claims.[81]  On August 22, 2011, the Fifth

---

[78]C.A. No. 03-3058"C"(4), Rec. Doc. Nos. 2, 32. Mead raised the following claims: (1) the evidence was insufficient to support a conviction for possession of cocaine; (2) the life sentence under the habitual offender statute was unconstitutionally excessive; (3) ineffective assistance of counsel for failure to inform petitioner of a possible plea agreement until the morning of trial, failure to discuss the ramifications of the possible plea, and failure to make a recommendation regarding acceptance of the plea; (4) ineffective assistance of counsel for failure to challenge the predicate pleas and to require the State to prove that the prior pleas were knowingly and intelligently made; (5) the trial court erred in denying the defendant's motion for mistrial after a prejudicial remark by a prospective juror during voir dire; and (6) the trial court erred in denying the defendant's motion to recuse because of the trial judge's role in a charge conference during a prior drug prosecution against the defendant.

[79]C.A. No. 03-3058"C"(4), Rec. Doc. Nos. 9, 14, 16, 17.

[80]<u>Mead v. Cain</u>. 243 Fed. Appx. 874, 876 (5th Cir. 2007).

[81]C.A. No. 03-3058"C"(4), Rec. Doc. Nos. 32, 34, 35; <u>Mead v. Cain</u>, No. 03-3058, 2010 WL 3488187, at *7 (E.D. La. Aug. 26, 2001); <u>Mead v. Cain</u>, No. 03-3058, 2009 WL 6825194, at *22 (E.D. La. Sep. 4, 2009).

Circuit affirmed the judgment on appeal.  Mead v. Cain, No. 10-30964, 2011 WL 3667423, at *1 (5th Cir. Aug. 22, 2011).

In the meantime, however, while the 2003 petition still was before the district court on remand, Mead filed a second Section 2254 application on June 27, 2008, raising a new claim of actual innocence which was not raised in the 2003 petition.[82]  The district court dismissed the 2008 petition with prejudice as untimely filed under the AEDPA.[83]

In addressing Mead's appeal from that ruling, the Fifth Circuit issued a per curiam opinion, making the following findings:

> If necessary, we must examine the basis of our jurisdiction sua sponte.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Mead's second § 2254 application raised a claim of actual innocence that could have been raised in his earlier application; therefore, the second application was successive.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).
>
> As a prisoner seeking to file a second or successive § 2254 application, Mead was required to apply for leave from this court.  28 U.S.C. § 2244(b)(3)(A).  His failure to do so rendered his second application unauthorized, thus depriving the district court of jurisdiction.  *See United States v. Key*, 205 F.3f 773, 774 (5th Cir. 2000).  As such, we lack jurisdiction over his habeas appeal.  *See id.*, at 775.  The judgment of the district court is thus VACATED, and the appeal is DISMISSED for lack of jurisdiction.

Mead v. Cain, No. 10-30963, 2011 WL 3667419, at *1 (5th Cir. Aug. 22, 2011).

---

[82]C.A. No. 08-3173"C"(4), Rec. Doc. Nos. 4, 10.

[83]C.A. No. 08-3173"C"(4), Rec. Doc. Nos. 18, 20, 21; Mead v. Cain, No. 08-3173, 2010 WL 3502801, at *1 (E.D. La. Aug. 26, 2010); Mead v. Cain, No. 08-3173, 2010 WL 3488219, at *16 (E.D. La. Apr. 21, 2010).

The Fifth Circuit thereby declared Mead's 2008 petition, which was filed while the 2003 petition was pending review in the district court with no "final adjudication," to have been a prohibited second or successive petition over which this district court had no jurisdiction. The same is true in the instant case.

As in Mead, despite the fact that Sam's 2010 habeas petition was pending before this district court, it appears that his current federal petition is an attempt to obtain review of claims that he should have raised previously. The Fifth Circuit's strong emphasis on avoiding piecemeal litigation underlies the Fifth Circuit's approach to and application of the abuse of the writ doctrine as applied in Mead. The current claims were presented in Sam's prior, mixed petition(s), just like the Fourth Amendment and Cordero claims that he presented in his 2010 petition. The current claims, however, were inexplicably not included in the 2010 petition with his Fourth Amendment and Cordero claims, which have since been resolved on the merits. Sam demonstrated his ability to refile some of his exhausted claims in the 2010 petition. He was not entitled to a stay to continue to add other known and exhausted claims to that petition as he saw fit. The abuse was Sam's, not this court's denial of his request for a stay in the 2010 case.

The present claims, having been presented in his earlier mixed petition(s), were known and available to Sam at the time of the filing of his 2010 petition and could have been raised then. Crone, 324 F.3d at 837; In re Jiminez, 211 Fed. Appx. at 298. Sam chose instead to file his 2010 petition with only a few of his exhausted claims (which

32

were also on appeal in the 2008 petition) rather than wait until his 2008 petition was resolved on the exhaustion issue by the circuit court.  Sam's current petition therefore constitutes an abuse of the writ as defined by the Fifth Circuit.

I find that Sam's federal petition seeking habeas corpus relief under Section 2254 is a second or successive petition as defined under Section 2244(b).  The fact that his prior petition was pending here at the time of the filing of this petition is of no moment because this petition, which he refers to as his "new and amended habeas petition" seeking reconsideration of his Fourth Amendment claims raised in his 2010 petition,[84] is an abuse of the writ.  See Mead, 2011 WL 3667419, at *1.

Before his latest petition may be considered by this court, Sam is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), which provides in part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   Sam has not sought or obtained this authorization.  Until such time as he obtains the authorization, this court is without jurisdiction to proceed.  Mead, 2011 WL 3667419, at *1 (citing Crone, 324 F.3d at 836 and United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

_____

[84]Rec. Doc. No. 9, pp. 16, 21.

In the interest of justice, a district court may transfer a petition under 28 U.S.C. § 1631 to resolve its jurisdiction.  In <u>In re Epps</u>, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive habeas petition is transferred from a district court under Section 1631 for consideration as a request for authorization and to cure the jurisdictional question.  <u>In re Epps</u> implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under Section 2244 is proper.  <u>In re Epps</u> supports transfer rather than dismissal of Sam's petition.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Joseph Sam's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[85]

New Orleans, Louisiana, this ____26th____ day of August, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[85]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.