```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

   JOSEPH SAM                                CIVIL ACTION

   VERSUS                                    NO: 11-713

   LOUISIANA STATE, ET AL.                   SECTION: "J" (3)
```

ORDER & REASONS

Before the Court is Joseph Sam ("Sam")'s **Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Rec. Doc. 31)** and the State of Louisiana's opposition to the motion (Rec. Doc. 34). The motion was set for hearing on May 7, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Sam's motion must be **DENIED** for the reasons set forth more fully below.

This matter arises from a habeas petition that was filed in this Court on April 5, 2011. As several other habeas petitions had been filed in connection with the same conviction,[1] the Court

---

[1] Following a bench trial, Sam was convicted on one count of possession with the intent to distribute cocaine. He was sentenced to 15 years in prison at hard labor; however, after the court found that he was a triple felony offender, his original sentence was vacated and he was sentenced to 25 years

1

classified the petition as a second successive habeas petition and transferred it to the Fifth Circuit. (Rec. Doc. 13) The Fifth Circuit subsequently declined to accept the second successive petition. (Rec. Doc. 16) Following this denial, Sam filed a motion for relief from judgment in this Court, which was denied, and applied to the Fifth Circuit for a certificate of appealability, which application was also denied. (Rec. Docs. 18, 24, 28) Now, over 31 months after this Court denied Sam's habeas petition, he has once again filed a motion for relief for judgment.[2]

Sam invokes the "catch all" provision in Rule 60(b)(6), which allows the Court to relieve a party from a final judgment for any "reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). Rule 60(c) requires that a motion for relief from judgment under Rule 60(b)(6) "be made within a reasonable time." Fed. R. Civ. Pro. 60(c); *United States v. Green*, 348 F.Appx. 917, 918 (5th Cir. 2009); *see also Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004) ("three-year delay was not reasonable."); *Kellogg v. Strack,* 269 F.3d 100, 104 (2d Cir.2001) (26-month delay was "a period of time which constitutes a

---

at hard labor. (Rec. Doc. 10, pps. 2, 6)

[2]For a more thorough review of the factual background and procedural posture of this matter, see the Magistrate Judge's Report and Recommendation issued on August 26, 2011. (Rec. Doc. 10)

patently unreasonable delay absent mitigating circumstances"), *cert. denied,* 535 U.S. 932, 122 S.Ct. 1306, 152 L.Ed.2d 216 (2002); *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999) (expressing "considerable trepidation" about whether a 17-month delay was reasonable, but ultimately finding that the issue was not properly before the court), *cert. denied* 528 U.S. 928 (1999); *Nucor Corp. v. Neb. Pub. Power Dist.,* 999 F.2d 372, 374-75 (8th Cir.1993) (holding a three and one-half year delay was unreasonable). Courts "have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535, 125 S. Ct. 2641, 2649, 162 L. Ed. 2d 480 (2005). "Such circumstances will rarely occur in the habeas context." *Id.*

In this case, Sam does not give any reason for the two-and-a-half year delay in filing the instant motion, let alone "extraordinary" reasons. Therefore, the Court finds that Sam's motion is untimely and must be denied.

Accordingly,

**IT IS ORDERED** that Joseph Sam's **Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Rec. Doc. 31)** is **DENIED.**

New Orleans, Louisiana this 12th day of May, 2014.

                                                 _____
                                               CARL J. BARBIER
                                               UNITED STATES DISTRICT JUDGE